# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-50880

———

IN RE: SCOTT LOUIS PANETTI,

Petitioner

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

———

Petition for Writ of Mandamus to the
Western District of Texas
USDC No. 1:04-CV-42

———

Before STEWART, Chief Judge, and HIGGINBOTHAM and OWEN, Circuit Judges.

PER CURIAM:[*]

Following our July 2017 decision to reverse the district court's denial of appointment of counsel and expert funding under 18 U.S.C. § 3599, the petitioner filed a motion in district court seeking retroactive *nunc pro tunc* appointment of counsel dating back to October 2014. The district court denied him. He now seeks a writ of mandamus from this court directing the lower court to vacate its judgment and retroactively appoint counsel. As we have consistently explained, a writ of mandamus is an "extraordinary remedy" that is appropriate only in narrow circumstances.[1] One necessary predicate is that "the party seeking issuance of the writ have no other adequate means to attain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See, e.g.*, *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005) (per curiam).

No. 17-50880

the relief he desires."[2] Even setting aside the other circumstances required to justify the extraordinary issuance of a writ of mandamus, the petitioner fails to show that he possesses no other means to contest his denial of retroactive appointment of counsel.[3] Accordingly, the petitioner's request for a writ of mandamus must be DENIED.

---

[2] *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2005) (internal quotations omitted).

[3] *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) ("The District Court's denial of [petitioner's] motion to authorize his federal counsel to represent him in state clemency proceedings was clearly an appealable order under 28 U.S.C. § 1291.").